UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MAR ACQUISITION GROUP, LLC. and
TAG DEVELOPMENT, LLC,

          Plaintiffs,

v.

MAURICE OPARAJI and ME & YOU
BIOTECH INC.,

          Defendants.

Civil Action No. 2:21-14576 (JXN) (ESK)

OPINION

**NEALS**, District Judge:

**THIS MATTER** comes before the Court *sua sponte* upon review of its docket. For the reasons set forth herein, this case is **REMANDED** to the Superior Court of New Jersey, Essex County.

**I.  BACKGROUND**

On July 14, 2021, Mar Acquisition Group, LLC ("MAR") and Tag Development LLC ("TAG") (collectively "Plaintiffs"), two New Jersey corporations, filed a complaint in the Superior Court of New Jersey, Essex County against Defendants Maurice Oparaji and Me & You Biotech Inc. ("Biotech"), a New Jersey corporation. ECF No. 1-1 ¶¶ 1-4. The complaint centers on specific performance and unjust enrichment claims related to a contract to purchase real property, with no federal question presented. *Id.* On August 2, 2021, Defendant Oparaji removed the action to this Court pursuant to 28 U.S.C. § 1332, based on diversity jurisdiction. ECF No. 1 ¶ 1. Following removal, Magistrate Judge Edward S. Kiel issued a text order directing in part, that Plaintiffs file

"declarations setting forth their respective organizational structures, along with their citizenship . . . by Monday, August 23, 2021." ECF No. 3. Judge Kiel further ordered that Defendant Oparaji "file a declaration demonstrating his citizenship, as opposed to his residency, by Monday, August 23, 2021." *Id.* On August 13, 2021, MAR and TAG filed separate declarations describing their organizational structure and declaring that each of its members are domiciled in New Jersey. *See* Declaration of MAR, ECF No. 4; *see also* Declaration of TAG, ECF No. 4-1. Having reviewed the Complaint, Notice of Removal ("NOR"), and Plaintiffs' declarations, the Court considers *sua sponte* whether this Court has subject matter jurisdiction.

## II.    LEGAL STANDARD

Under 28 U.S.C. § 1441, a defendant may remove an action filed in state court to a federal court with original jurisdiction over the action. A district court may remand an action to state court for either a lack of subject matter jurisdiction or a defect in the removal process. 28 U.S.C. § 1447(c); *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993). "[C]ourts construe removal statutes strictly with all doubts resolved in favor of remand." *USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 205 n.5 (3d Cir. 2003).

"[B]ecause subject-matter jurisdiction is non-waivable, courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt." *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76–77 (3d Cir. 2003) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)). A necessary corollary is that a court can raise *sua sponte* subject matter jurisdiction concerns. *Nesbit*, 347 F.3d at 77. The federal courts are courts of limited jurisdiction and may only decide cases as authorized by the Constitution. *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377 (1994). Congress has authorized federal subject matter jurisdiction in civil suits

2

where the amount in controversy exceeds the sum or value of $75,000 and the parties are citizens of different states. 28 U.S.C. § 1332(a). Complete diversity is lacking if a plaintiff and any defendant are citizens of the same state. *Schneller ex rel. Schneller v. Crozer Chester Med. Ctr.*, 387 F. App'x 289, 292 (3d Cir. 2010). In addition, "the citizenship of an LLC is determined by the citizenship of its members." *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). Thus, for complete diversity to exist, every member of the LLC must be diverse from all parties on the opposing side. *Id.*

### III. DISCUSSION

The question before this Court is whether complete diversity among the parties exists such that this Court has subject-matter jurisdiction over this action. According to the Complaint and Notice of Removal, Defendant Biotech is a company organized under the laws of New Jersey, with its principal place of business in Newark, New Jersey. Compl., ECF No. 1-1 ¶ 3; NOR, ECF No. 1 ¶ 9. Plaintiffs MAR and TAG are both limited liability companies organized under the laws of New Jersey, with their principal place of business in Elizabeth, New Jersey. Compl. ¶¶ 1-2; NOR ¶¶ 11, 13. Plaintiffs declare that each of the members of their organizations are domiciled in New Jersey. *See* Declaration of MAR, ECF No. 4; *see also* Declaration of TAG, ECF No. 4-1. Because Plaintiffs and Defendant Biotech are citizens of New Jersey, complete diversity does not exist. *See Lincoln Benefit*, 800 F.3d at 104 ("A corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business."); *Id.* ("the citizenship of an LLC is determined by the citizenship of its members."). Therefore, this Court lacks diversity jurisdiction over this matter.

Because this Court lacks subject matter jurisdiction, remand is proper.

## IV. CONCLUSION

For the foregoing reasons, this case is **REMANDED** to the Superior Court of New Jersey, Essex County for lack of subject matter jurisdiction. An appropriate Form of Order accompanies this Opinion.

DATED: August 16, 2021

Julian Xavier Neals
United States District Judge